## Sharples Trust

*Eugene P. Balderston, Jr.*, and *Norman H. Brown*, for accountants.

*Paul C. Van Dyke*, guardian and trustee ad litem.

VAN RODEN, P. J., January 25, 1957.—By this proceeding the trustees present the first accounting of the fund in their custody consisting of 3,000 shares of common stock of the Sharples Corporation (since exchanged by the trustees for 7,560 shares of The Sharples Corporation preferred stock) which were placed in trust by Philip T. Sharples, settlor, by deed of trust dated November 13, 1952, in trust for the payment of net in-

come unto settlor's three children, in equal shares, until the death of the last surviving child, when the trust is to terminate and the principal to be paid over and delivered among settlor's then living issue, per stirpes, all as more fully set forth in said deed of trust.

Settlor's three children, Philip P. Sharples, Joann Sharples Delmege and Wynne Sharples (de Mohrenschildt) Denton, are still alive and the trust continues for their benefit and no portion of the corpus of the trust fund is presently ripe for distribution.

The reason or purpose of the filing of the present accounting is to enable the court to consider the request of the accountants for division of the trust into three separate trusts, one to be held for the benefit of each of settlor's children and his or her respective issue. This request will be hereinafter more fully considered. . . .

The authority to divide the trust into three separate trusts, as requested, is conferred upon this court by section 991 of the Fiduciaries Act of April 18, 1949, P. L. 512.

The accountants have urged the court to make such division for the following reasons:

"(1) Under Article 1 of the Deed of Trust each Accountant has assumed personal liability for 1/3 of the Federal gift tax liability resulting from creation of this trust. The stock comprising the principal of the trust is pledged as collateral for a bank loan made to raise funds to pay the said Federal gift tax. It is anticipated that Accountants may prefer to discharge their respectiive shares of this loan at different rates and in different manners. Division of the trust into three trusts will avoid a number of accounting problems that will otherwise arise from different rates of payment by Accountants and will avoid leaving the interest of an Accountant in the present fund still subject to pledge as collateral at a time when his or her

loan has been discharged but the loans of the other Accountants are still outstanding.

"(2) Although the entire principal of the trust is presently invested in preferred stock of The Sharples Corporation, it is foreseen that a more diversified investment program, perhaps including tax-exempt bonds, might be or become advantageous to one or more of Accountants. The requested division will enable each trust to adopt the investment policy that would be most beneficial to the persons entitled to the income therefrom.

"(3) One of the Accountants lives in Massachusetts and makes only occasional visits to Pennsylvania. Although the other two Accountants live in Malvern, Chester County, and Haverford, Delaware County, they have no regular business contacts and see each other only socially. Under these circumstances the joint administration of the trust by all three Accountants has been somewhat cumbersome and would become much more difficult if the more active and diversified investment policy referred to above is adopted."

Settlor has consented to the proposed division. Likewise the Central Penn National Bank, with which the stock is pledged as collateral for a loan, has consented thereto. Also, The Sharples Foundation, contingent remainderman under the deed of trust, has consented thereto.

The guardian and trustee ad litem has filed a written report, wherein he has carefully reviewed the matters presently before the court for consideration and has filed no objections to the proposed division. He has, however, recommended that any decree directing the division of this trust into three separate trusts shall be subject to the condition that the trustees of each newly created trust file an accounting of his or her administration at regularly specified times and has

suggested that the filing of such accounts every three years during the term of each proposed trust is reasonable and proper.

After full and careful consideration and review of the entire matter, the court holds that it would be to the benefit of all parties and interests, and without detriment to the trust or to the beneficiaries, to divide the trust fund into three separate trusts, one for the benefit of each settlor's children and his or her respective issue, and the accountants are hereby authorized and directed to make such division accordingly, and same will be reflected in the award hereinafter made.

The court does not deem it necessary or advisable to attach any provisions or conditions to said order of division of the trust requiring the trustees of the separate trusts to account at any particular stated interval. It is to be anticipated that the trustees will file proper accounts as and when required by law. Any failure so to do can be corrected by this court upon application of any party in interest. . . .